UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. CALDWELL,

     Plaintiff,

                                  No. 1:20-cv-00411

v

                                  HON. ROBERT J. JONKER

GRETCHEN WHITMER, in her personal
and representative capacities, JOSEPH
M. GASPER, in his individual and           MAG. RAY KENT
representative capacities, and MICHIGAN
STATE POLICE, an agency of the State of
Michigan,

     Defendants.

_____

| | |
|---|---|
| James K. Fett (P39461) | Joseph T. Froehlich (P71887) |
| Fett & Fields PC | Kyla Barranco (P81082) |
| Attorney for Plaintiff | Jessica McGivney (P64553) |
| 805 E. Main Street | Mark E. Donnelly (P39281) |
| Pinckney, MI 48169 | Assistant Attorneys General |
| 734.954.0100 | Attorney for Defendants |
| jim@fettlaw.com | State Operations Division |
| | P.O. Box 30754 |
| | Lansing, MI 48909 |
| | 517.335.7573 |
| | froehlichj1@michigan.gov |
| | barrancok@michigan.gov |
| | mcgivneyj@michigan.gov |
| | donnellym@michigan.gov |

_____/

**DEFENDANTS MICHIGAN STATE POLICE AND GASPER'S ANSWER,
AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND TO
PLAINTIFF'S AMENDED COMPLAINT**

     Defendants Michigan State Police and Joseph Gasper, by counsel, answer

Plaintiff's amended complaint as follows:

## NATURE OF CLAIM

1.      This is a *Fourteenth Amendment, 42 U.S.C. §1983 Equal Protection,*
*Title VII* and *Elliott-Larsen Civil Rights Act* ("ELCRA") action for damages and to
end blatant racial and gender preferences implemented to (1) satisfy the Whitmer
administration's clamor for affirmative action (racial and gender preferences)
banned by referendum in 2006, and (2) placate minority advocacy groups that
falsely accuse the Michigan State Police ("MSP") of institutional racism.  Plaintiff
also asserts a retaliation claim based on his opposition to the illegal racial and
gender preferences.

**ANSWER:  Defendants state that this allegation is in the form of a legal**
**conclusion which requires no answer.  To the extent an answer is**
**required, Defendants deny violating the federal constitution or any federal**
**statutes or common law and deny that any damages are owed to**
**Plaintiff.  Further answering, Plaintiff's ELCRA claims have been**
**dismissed.**

## JURISDICTION AND PARTIES

2.      Plaintiff invokes the jurisdiction of this Court pursuant to *28 U.S.C.*
*§§1331, 1343(a)(3), 1343(a)(4), and 28 U.S.C. §1367.*

**ANSWER:  Defendants do not challenge this Court's jurisdiction.**

3.      The events giving rise to this cause of action occurred in the Western
District of Michigan.

**ANSWER:  Admitted.**

4. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees.

**ANSWER: Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

5. Plaintiff is a White male, a citizen of the United States and the State of Michigan; he was a captain with the MSP ("MSP") until he was demoted to inspector for opposing Defendant's illegal racial and gender preferences.

**ANSWER: Defendants admit Plaintiff is a white male, a citizen of the United States and the State of Michigan and was a captain with the MSP ("MSP") until he was demoted to inspector. The remainder of the allegation is denied because it is an inaccurate statement of fact and asserts an incorrect conclusion of law.**

6. Defendant Gretchen E. Whitmer is the duly elected Governor of Michigan and an ardent proponent of the affirmative action preferences prohibited by the *Michigan Constitution of 1963, Art I, § 26*, which she euphemistically refers to as "Diversity." See Exhibit A; she is sued in her official capacity for prospective injunctive relief and in her personal capacity for money damages under 42 USC § 1983 and ELCRA.

**ANSWER: Governor Gretchen E. Whitmer has been dismissed from this action and no answer is necessary. If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or**

**information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

7. The Defendant MSP is the state's premier law enforcement agency; as a para-military organization, its members scrupulously follow policy and orders issued by superiors; the claim against the MSP is brought under Title VII, 42 USC § 2000 et seq.

**ANSWER: Defendants admit that the MSP is the state's premier law enforcement agency and is a para-military organization. Defendants deny that all of its members scrupulously follow policy and orders issued by superiors all the time because it is an inaccurate statement of fact. MSP further denies that it violated Title VII, 42 U.S.C. § 2000 *et seq*.**

8. Defendant Joseph M. Gasper is the Director of the MSP and the architect of the MSP's most recent "affirmative action" policy (the "Affirmative Action Directive") designed to displace White males at all levels of the MSP with minorities and females; he is sued in his official capacity for prospective injunctive relief and in his personal capacity for money damages under 42 USC § 1983 and ELCRA.

**ANSWER: Defendants admit that Joseph M. Gasper is the Director of the MSP. The remainder of the allegation is denied because it is an inaccurate statement of fact. Defendant Gasper further states that he did not violate any of Plaintiff's rights that he seeks to have vindicated through 42 U.S.C. § 1983 and that Plaintiff's ELCRA claims have been dismissed.**

9.     Defendant Gasper has directed that the MSP set aside 25% of its positions for minorities and 20% for females throughout its ranks even though these percentages cannot be achieved without lowering standards and discriminating against White males in favor of minorities and females; in any event, the relevant qualified work force is inadequate to fill these set asides.

**ANSWER:   Defendants deny the allegation because it is an inaccurate statement of fact.**

## MSP'S STORIED HISTORY OF RACIAL PREFERENCES

10.     The MSP's storied history of racial and gender preferences stretches all the way back to the early 1980s.

**ANSWER:   This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, and no answer should be required.  If an answer is necessary, Defendants deny the allegation because it is an inaccurate statement of fact.**

11.     It was then that the MSP adopted unconstitutional measures to increase the number of blacks in its ranks.

**ANSWER:   This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, and it asserts a conclusion of law, not fact, so no answer should be required.  If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

12.     One such measure "Augmentation," implemented in 1981, entailed lowering the entrance and promotional standards for blacks and eventually females.

**ANSWER:  This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, and it asserts a conclusion of law, not fact, so no answer should be required.  If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

13.     "Augmentation" allowed minorities and females to qualify for promotion to sergeant with test scores of 83 and above, while White males qualified only with scores in the middle to high 90s, depending on the year and quota for minorities. See *Herendeen v MSP,* 39 FSupp 2d 899, 902-903 (WD Mich 1999).

**ANSWER:  This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, and it asserts a conclusion of law, not fact, so no answer should be required.  If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

14.     Command officers were also ordered to consider race and gender each and every time they made promotions from the discriminatorily assembled applicant pool.  See *Herendeen,* 39 F Supp 2d at 904.

**ANSWER:  This allegation is irrelevant to events that occurred in 2019**

that form the basis for Plaintiff's complaint, and it asserts a conclusion of law, not fact, so no answer should be required. If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.

15. The MSP has conceded in other litigation that it achieved representation of minorities and females in its workforce which exceeded their representation (percentage) in the relevant qualified workforce in the early 90s; there has been a judicial finding to this effect as well.

**ANSWER: This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, and it asserts a conclusion of law, not fact, so no answer should be required. Moreover, this allegation fails to comply with Fed. R. Civ. P. 8 as it is not simple, concise, and direct. If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

16. The MSP continued these naked racial and gender preferences through the 1990s until courageous Trooper Thomas A. Cremonte in 1996 obtained an injunction barring racial and gender preferences in promotions. See Exhibit B.

**ANSWER: This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, and it asserts a conclusion of law, not fact, so no answer should be required. If an answer is necessary,**

**Defendants neither admit nor deny the allegation because they lack
knowledge or information sufficient to form a belief about the truth of the
allegation and leave Plaintiff to his proofs.**

17.     The MSP soon violated the injunction and were ordered by the Court to
cease and desist; old habits die hard and the MSP continued to discriminate against
White males in hiring, promotion and discipline, albeit in a more nuanced, covert
manner.

**ANSWER:   This allegation is irrelevant to events that occurred in 2019
that form the basis for Plaintiff's complaint, and it asserts a conclusion of
law, not fact, so no answer should be required.   Moreover, this allegation
fails to comply with Fed. R. Civ. P. 8 as it is not** simple, concise, and direct.
**If an answer is necessary, Defendants neither admit nor deny the
allegation because they lack knowledge or information sufficient to form a
belief about the truth of the allegation and leave Plaintiff to his proofs.**

18.     Despite the injunction and the fact that it is undisputed that the MSP
never engaged in institutional racial or gender discrimination, preference
proponents within and without the MSP continued to demand measures to equalize
the percentage of minorities in the MSP *workforce* with their percentage in the
*population*, which are unconstitutional.  *Middleton v. City of Flint,* 92 F3d 396, 406
(6th Cir. 1996) (That is ". . .[I]t is permissible to remedy *discrimination*.  It is not
permissible to remedy *disparity* without more. . ." (emphasis in original)).

**ANSWER:   This allegation is irrelevant to events that occurred in 2019**

**that form the basis for Plaintiff's complaint, and it asserts a conclusion of law, not fact, so no answer should be required. Moreover, this allegation fails to comply with Fed. R. Civ. P. 8 as it is not** simple, concise, and direct. **If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

19. The preference proponents made these demands despite the fact that the percentage of Blacks and females in MSP's *workforce* exceeded their percentages in the *relevant qualified workforce* and for Blacks, during most periods, their percentage exceeded their percentage of the *population*.

**ANSWER: This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, and it asserts a conclusion of law, not fact, so no answer should be required. Moreover, this allegation fails to comply with Fed. R. Civ. P. 8 as it is not** simple, concise, and direct. **If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

20. Similarly, the appointment of 2 Black males, a Hispanic and a female to the Director position failed to appease the preference proponents.

**ANSWER: This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, and it asserts a conclusion of law, not fact, so no answer should be required. Moreover, this allegation**

**fails to comply with Fed. R. Civ. P. 8 as it is not simple, concise, and direct. If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

21.    Because of the pressure brought to bear by White male litigants, the MSP did not acquiesce to the demands of the preference proponents by reinstituting the naked racial and gender preferences referenced above (it did continue with the covert, less effective, more nuanced measures, to be sure).  See e.g. *Cremonte v MSP, Keuhn  v MSP, Herendeen v MSP, Krafft v MSP, Lesnau v MSP, Galbraith v MSP and Breedveld v MSP.*

**ANSWER:   This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, and it asserts a conclusion of law, not fact, so no answer should be required.  Moreover, this allegation fails to comply with Fed. R. Civ. P. 8 as it is not simple, concise, and direct. If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

22.    The preference proponents were further stymied by the Michigan Civil Rights Initiative, a referendum which culminated in amendment of the Michigan Constitution effective December 23, 2006 to bar racial and gender preferences in government employment, contracting and college admissions, see *Art 26, Affirmative Action*; Defendant Whitmore vigorously and very publicly opposed this

referendum.

**ANSWER:   This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, and it asserts a conclusion of law, not fact, so no answer should be required.  Moreover, this allegation fails to comply with Fed. R. Civ. P. 8 as it is not** simple, concise, and direct. **If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

23.    Michigan's specific constitutional prohibition on racial and gender preferences dressed up as "affirmative action," as well as the overwhelming popular opposition to preferences everywhere, required Defendants and others to rebrand racial and gender preferences as "diversity" or "equity and inclusion" policies.

**ANSWER:   Defendants deny the allegation because it is an inaccurate statement of fact.**

24.    Defendants now disingenuously characterize their racial and gender preferences as "Valuing Diversity and Inclusion," when in fact the MSP does not value White males and is in fact making great efforts to exclude them.

**ANSWER:   Defendants deny the allegation because it is an inaccurate statement of fact.**

25.    The labels may have evolved but not Defendants' clamor for illegal racial and gender preferences.

**ANSWER:   Defendants deny the allegation because it is an inaccurate**

statement of fact.

## BLACK ADVOCACY GROUPS REIGNITE
## CLAMOR FOR RACIAL PREFERENCES

26. The latest impetus for aggressive racial preferences came when then MSP Director Kriste Kibbey Etue in September 2017 had the temerity to post on her personal Facebook page a meme consisting of a picture of Black NFL players kneeling during the National Anthem with the following message superimposed:

> *Dear NFL: We will not support millionaire ingrates who hate America and disrespect our Armed Forces and Veterans. Who wins a football game has ZERO impact on our lives. Who fights for and defends our nation has every impact on our lives. We stand with the Heroes, not a bunch of rich, entitled, arrogant, ungrateful, anti-American, degenerates. Signed, We the people.*

**ANSWER: This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, so no answer should be required. Moreover, this allegation fails to comply with Fed. R. Civ. P. 8 as it is not simple, concise, and direct. If an answer is necessary, Defendants deny the allegation because it is an inaccurate statement of fact.**

27. The outcry from the black advocacy groups was swift and furious.

**ANSWER: This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, so no answer should be required. If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his**

**proofs.**

28.     Despite apologizing repeatedly for exercising her Constitutional right to freedom of speech, these black advocacy groups continued to vilify Director Etue and the MSP.

**ANSWER:   This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, so no answer should be required.  If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

29.     Then Governor Snyder had the courage to resist the call for Director Etue's resignation and she continued in her position until the end of Snyder's term.

**ANSWER:   This allegation is irrelevant to events that occurred in 2019 that form the basis for Plaintiff's complaint, so no answer should be required.  If an answer is necessary, Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

30.     Defendant Governor Gretchen E. Whitmer took office on January 1, 2019, and appointed Defendant Gasper as Director with the mandate to increase the percentages of minorities and women in the agency (see Exhibit A), even though it was clear to all that this could be accomplished only by trammeling the rights of

White male applicants and long-serving White males.

**ANSWER: Defendants admit that Governor Gretchen E. Whitmer took office on January 1, 2019, and appointed Defendant Gasper as Director of the MSP. The remainder of the allegation is denied because it is an inaccurate statement of fact.**

### ROLL OUT OF AFFIRMATIVE ACTION DIRECTIVE TO DISPLACE WHITE MALES WITH MINORITIES AND FEMALES

31. Defendant Gasper on February 6, 2019 convened a Director's Meeting at MSP headquarters where he announced that the number one priority of the agency was affirmative action preferences, which he euphemistically referred to as "diversity."

**ANSWER: Defendants admit that on February 6, 2019, Colonel Gasper convened a Director's Meeting at MSP headquarters. The remainder of the allegation is denied because it is an inaccurate statement of fact. Further answering, Colonel Gasper admits that diversity is an important priority for the MSP.**

32. In attendance were Inspector level and above enlisted and civilian personnel.

**ANSWER: Admitted.**

33. Defendant stated that "diversity" was to be achieved at all levels of the MSP through the recruiting and promotional processes and the "Department can't look like the 80% that the Department looks like now. We need to look at that smaller number and increase it."

**ANSWER:  Defendants deny the allegation because it is an inaccurate statement of fact.**

34.    He also emphasized that gender, race and life experiences carried the same weight as experience and seniority in selecting candidates for hire and promotion.

**ANSWER:  Defendants deny the allegation because it is an inaccurate statement of fact.**

35.    Regarding minority and female recruiting, Defendant Gasper stated that "brushes with the law should not necessarily be a disqualifying factor."

**ANSWER:  Defendants deny the allegation because it is an inaccurate statement of fact.**

36.    At the Spring Director's Meeting on May 13, 2019, Defendant Gasper again emphasized that the number one priority for the agency is affirmative action and spoke at length about the importance of diversifying all ranks of the MSP.

**ANSWER:  Defendants deny the allegation because it is an inaccurate statement of fact.  Further answering, Colonel Gasper admits that diversity is an important priority for the MSP.**

37.    At the MSP Fall Forum on October 8, 2019, Defendant Gasper again reiterated how the number one priority in the Department is affirmative action preferences for minorities and females, which he continued to call "diversity."

**ANSWER:  Defendants deny the allegation because it is an inaccurate statement of fact.  Further answering, Colonel Gasper admits that**

**diversity is an important priority for the MSP.**

38.     He also spoke at length about how the MSP is **"way too White and way too male;"** he then revealed that as part of the Affirmative Action Directive the MSP was to set aside 25% of the positions within the MSP for minorities and 20% for females.

**ANSWER:   Defendants deny the allegation because it is an inaccurate statement of fact.**

39.     On October 9, 2019, Plaintiff and his immediate report, Inspector Michael Hahn, attended the Field Operations Bureau Meeting chaired by Lieutenant Colonel Arnold, who reported to Defendant Gasper.

**ANSWER:   The allegation is admitted upon information and belief.**

40.     The meeting was held to have a "difficult discussion" that Defendant Gasper had earlier promised regarding the racial and gender preferences and the consequent demographic changes in the MSP.

**ANSWER:   Upon information and belief, Defendants believe the allegation to be an inaccurate statement of fact but neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

41.     Lieutenant Colonel Arnold began the meeting by asking the group what they thought of Defendant Gasper's Affirmative Action Directive.

**ANSWER:   Upon information and belief, Defendants believe the allegation to be an inaccurate statement of fact but neither admit nor deny the**

allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.

### PLAINTIFF AND INSPECTOR HAHN
### OPPOSE RACIAL AND GENDER PREFERENCES

42. Captain Caldwell began the discussion by stating that he was concerned about how the "Affirmative Action Directive" was negatively affecting the White males under his command, explaining that the term "White male" has taken on a negative connotation within the MSP lately and that the term is almost always used in a negative light.

**ANSWER: Upon information and belief, Defendants believe the allegation to be an inaccurate statement of fact but neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

43. Caldwell also went on to state that White male commanders joined the department to serve the people of Michigan and had aspirations of assuming leadership roles in the profession and agency they chose to devote their lives to; he reminded everyone that White males did not choose to be born White males, they just were; like everyone else in the world, they did not choose their race or ethnicity, but in the current departmental culture, they feel like they are being excluded from promotional opportunities because they are White males.

**ANSWER: Upon information and belief, Defendants believe the allegation to be an inaccurate statement of fact but neither admit nor deny the**

**allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

44. Caldwell then rhetorically asked, when the Director publicly states the number one priority of the department is to "diversify" the upper ranks of the MSP, how does that foster an atmosphere of inclusion for the members who are not identified as female or minority?

**ANSWER: Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

45. Plaintiff and Inspector Hahn opposed Defendant's Affirmative Action Directive, stating:

    a. recruiting and promotions should be based on merit only;

    b. it was not the MSP's fault that it was a majority White male agency; and

    c. given that the MSP was a majority White male agency, it was statistically reasonable to expect that the majority of MSP members that have risen to the upper command echelon are White males.

**ANSWER: Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

46. Inspector Hahn also criticized the MSP "hand-wringing over demographics," stating that it was an unwise response to the false claims of institutional racism by Black advocacy groups in the wake of Retired Colonel Etue's

race-neutral Facebook post.

**ANSWER:  Upon information and belief, Defendants believe the allegation to be an inaccurate statement of fact but neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

47.    On December 12, 2019, Plaintiff attended Equity and Inclusion Officer Inspector Lisa Rish's presentation on "Diversity and Inclusion" at the MSP Cadillac Post; in attendance were MSP members from the Cadillac Post, the Special Investigations Section and the Task Force Section, approximately 40 members in all.

**ANSWER:  The allegation is admitted upon information and belief.**

48.    Plaintiff expressed concerns about the Affirmative Action Directive and the fact that the term "White male" has taken on a negative connotation within the MSP, prompting a contentious discussion.

**ANSWER:  The allegation is admitted with qualification upon information and belief.  Further answering, Defendants understand the discussion was animated but not contentious.**

49.    Plaintiff inquired how the MSP's "Women in Law Enforcement Leadership" seminars fostered a feeling of "inclusion" by male MSP members, to which Rish replied by suggesting a leadership seminar for males only; after her suggestion was greeted with moans and laughter, Rish immediately recognized the folly of the MSP sponsoring such a seminar and remarked "Well, maybe not."

**ANSWER: Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

50.    Rish related how uncomfortable she felt arriving at the Brighton Post as the only female trooper there at the time; Plaintiff commented that:

    a.  Rish's experience occurred over 20 years ago and the MSP had evolved since then, just like the rest of society;

    b.  today, when a female trooper arrives at a post, nobody thinks twice about it and they are accepted and welcomed just like any male trooper;

    c.  members have grown weary of decades old stories of racism and sexism in the MSP, noting that the agency had already had its first female director, 2 Black directors, a Hispanic director and many other high-ranking minority and female officers; and

    d.  the MSP has been very progressive for many years in hiring and promoting women and minorities, and 30 years ago when he was in recruit school there were several Black MSP captains, including Equity Officer Captain Jack Hall.

**ANSWER: Upon information and belief, Defendants believe the allegations (including each sub-paragraph) to be inaccurate statements of fact but neither admit nor deny the allegations because they lack knowledge or information sufficient to form a belief about the truth of the allegations and leave Plaintiff to his proofs.**

51.    Rish was very unhappy that Plaintiff had shared these views.

**ANSWER: Upon information and belief, Defendants believe the allegation to be an inaccurate statement of fact but neither admit nor deny the allegation because they lack knowledge or information sufficient to form a**

**belief about the truth of the allegation and leave Plaintiff to his proofs.**

52.     In addition to the above protected opposition activity, Plaintiff also engaged in protected activity by aiding and encouraging Inspector Hahn in the exercise and enjoyment of his rights under state and federal discrimination laws.

**ANSWER:   Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

## "AFFIRMATIVE ACTION DIRECTIVE" IS MSP STANDARD OPERATING PROCEDURE, A PATTERN AND PRACTICE

53.     Coming from the top official of a para-military organization, Defendant Gasper's "Affirmative Action Directive" constitutes standard operating procedure, a pattern and practice of racial and gender preferences designed to displace White males with minorities and females at all levels of the agency.

**ANSWER:   Defendants deny the allegation because it is an inaccurate statement of fact.**

54.     Consequently, MSP has begun a purge of White male command officers as the MSP has begun demoting or terminating them to make way for minorities and females that must make up a quarter of its ranks.

**ANSWER:   Defendants deny the allegation because it is an inaccurate statement of fact.**

55.     Pursuant to Defendants' "Affirmative Action Directive," the MSP has

    a.  excluded White male applicants to the extent that a recent applicant roster contains not one White male candidate (see Exhibit C);

b. promoted less qualified minorities and females rather than White males with far superior employment records and experience;

c. converted high-level command officers from classified civil servants to at-will employees by means of mandatory two-year contracts for newly promoted captains and above, thus paving the way for their certain dismissal by non-renewal of contracts, and replacement with minorities and females who will, by then, be eligible for promotion to those ranks;

d. imposed harsh discipline on White males and little or no discipline on minorities and females for offenses of comparable seriousness; and

e. tied command bonuses to discriminating against White males.

**ANSWER:  Defendants deny the allegations (including each sub-paragraph) because they are inaccurate statements of fact.**

56.    Defendants' "Affirmative Action Directive," on its face and as applied, violates:

a. the *Michigan Constitution* which provides:

(i)    in *Art I, §2*:

Sec. 2  No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof because of religion, race, color or national origin. . .

(ii)    in *Art XI, §5* provides that MSP promotions are to be "determined by competitive examination and performance on the basis of merit, efficiency and fitness and not based on "religious, racial or partisan considerations."

(iii)    in *Art I, §26. Affirmative Action*:

(2) The state shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity or national origin

in the operation of public employment. . .

     b.  the injunction entered in *Cremonte v MSP,* ("Plaintiff may have injunctive relief, enjoining Defendant from making promotions based upon criteria other than which is contained in the 1963 Constitution, Art XI, § 5.") and

     c.  the *Federal Constitution, Amendment XIV, §1* which provides: " . . . nor shall any state deny to any person . . . the equal protection of the laws."

**ANSWER:   Defendants state that these allegations are in the form of legal conclusions which require no answer.  To the extent an answer is required, Defendants deny the allegations because they are premised on inaccurate statements of fact and assert incorrect conclusions of law.**

57.    Notably, the purpose of Defendants' "Affirmative Action Directive" is *not* to remedy past discrimination (which was remedied long ago) or for operational needs.

**ANSWER:   Defendants deny the allegation because it is an inaccurate statement of fact.**

58.    Rather, Defendant Gasper issued the "Affirmative Action Directive" to (1) satisfy the Whitmer Administration's clamor for the affirmative action preferences barred by Art I, §26 of the Michigan Constitution of 1963, and (2) placate Black advocacy groups that falsely accuse the MSP of institutional racism.

**ANSWER:   Defendants deny the allegation because it is an inaccurate statement of fact.**

### DEFENDANT'S RETALIATION AGAINST PLAINTIFF

59.    Plaintiff joined the MSP in 1990 after serving his country in the

United States Marine Corps; he is 54 years old.

**ANSWER: The allegation is admitted upon information and belief.**

60. Through hard work and dedication, Plaintiff attained the rank of Captain; some of his accomplishments are listed in **Exhibit D**.

**ANSWER: Defendants admit Plaintiff attained the rank of Captain. Defendants neither admit nor deny the remainder of the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

61. Plaintiff has an exemplary employment record as confirmed by his evaluations.

**ANSWER: Defendants neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

62. Neither Defendant Gasper nor the MSP disciplined Plaintiff until he opposed Defendants' Affirmative Action Directive.

**ANSWER: Defendants deny the allegation because it is an inaccurate statement of fact. Plaintiff was disciplined for violating Official Order 1, Article 4, Section 4.5, 4.7, and 4.25 of the Code of Conduct related to his improper conduct surrounding the lateral transfer of D/Lt Bush and subsequent IA investigation.**

63. Shortly after Plaintiff engaged in opposition activity the MSP, in late October 2019, began investigating Inspector Hahn for following his orders regarding

an interview process for a transfer; the MSP required the interview process despite the fact that all concerned knew that the transfer request would never be granted.

**ANSWER:  Defendants deny the allegation because it is an inaccurate statement of fact.  Further answering, the investigation of Inspector Hahn (and Plaintiff) was related to his improper conduct surrounding the lateral transfer of D/Lt Bush.**

64.    Plaintiff's supervisor, Lt. Colonel Arnold, told him that he, Plaintiff, retained discretion to deny the transfer request, but that he had to go through the motions of the interview process.

**ANSWER:  Upon information and belief, Defendants believe the allegation to be an inaccurate statement of fact but neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

65.    Plaintiff informed the transfer applicant, Dt. Lt. Bush, before the interview process that his request would be denied; Bush elected to proceed with an interview anyway so that he could tell his wife that he had done everything possible to obtain a transfer to Gaylord.

**ANSWER:  Upon information and belief, Defendants believe the allegation to be an inaccurate statement of fact but neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

66.    Plaintiff directed Hahn to convene an interview panel and otherwise

"go through the motions;" Hahn initiated the interview process and otherwise went through the motions as directed during October 2019.

**ANSWER: Upon information and belief, Defendants believe the allegation to be an inaccurate statement of fact but neither admit nor deny the allegation because they lack knowledge or information sufficient to form a belief about the truth of the allegation and leave Plaintiff to his proofs.**

67.   Plaintiff denied the transfer request and nobody was surprised - until the MSP, after a 2.5 month rigged investigation, on March 13, 2020, terminated Hahn and demoted Plaintiff to Inspector for obviously pretextual reasons scoffed at by veteran members of the MSP.

**ANSWER: Defendants deny the allegation because it is an inaccurate statement of fact.**

## COUNT I
## RACE AND GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1983 (FOURTEENTH AMENDMENT EQUAL PROTECTION) (AGAINST WHITMER AND GASPER)

68.   Plaintiff incorporates by reference the preceding paragraphs.

**ANSWER: Defendant Gasper adopts and incorporates by reference paragraphs 1 through 67 of their Answer. Governor Whitmer has been dismissed from this action.**

69.   Plaintiff was a high-performing White male command officer with a sterling employment record until wrongfully terminated by Defendant MSP.

**ANSWER: Defendant Gasper denies the allegation because it is an inaccurate statement of fact. Governor Whitmer has been dismissed from this action.**

70. Defendants were acting under the color of state law when they jump-started the MSP standard operating procedure (pattern and practice) of racial and gender preferences in the terms and conditions of employment (as described above), much to the detriment of White males; in other words, both Defendants, Whitmer particularly, are intimately connected to the creation and implementation/enforcement of the MSP's new and improved racial and gender preferences. See **Exhibit E**

**ANSWER: Defendant Gasper admits he was acting under the color of state law. Defendant Gasper denies the remainder of the allegation because it is an inaccurate statement of fact. Governor Whitmer has been dismissed from this action.**

71. Defendants deprived Plaintiff of his right to Equal Protection as guaranteed by the *14th Amendment to the United States Constitution* by:

    a. requiring him to abide by the "Affirmative Action Directive" and thereby violate his oath of office which provides:

    ". . . I do further solemnly swear that I will faithfully enforce the laws of this state, discharging the duties of an officer of the MSP and will preserve, protect and defend the Constitution of the United States and the Constitution of this state. . ."; and

    b. demoting him for pretextual reasons based on his status as a White male.

**ANSWER: Defendant Gasper states that this allegation is in the form of a legal conclusion which requires no answer. To the extent an answer is required, Defendant Gasper denies the allegation because it is premised on inaccurate statements of fact and asserts an incorrect conclusion of law. Governor Whitmer has been dismissed from this action.**

72. Defendants are the usual governmental officials that discriminate against White males.

**ANSWER: Defendant Gasper denies the allegation because it asserts both an inaccurate statement of fact and an incorrect conclusion of law. Governor Whitmer has been dismissed from this action.**

73. Defendants' illegal race and gender discrimination has caused Plaintiff damages.

**ANSWER: Defendant Gasper denies the allegation because it asserts both an inaccurate statement of fact and an incorrect conclusion of law. Governor Whitmer has been dismissed from this action.**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants Whitmer and Gasper, in their official and personal capacities, as appropriate, for:

    a. Economic damages (personal capacity);

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation he has suffered, and continues to suffer, as a result of Defendant's illegal actions (personal capacity);

    c. Costs, interest and reasonable attorney fees as provided by 42 U.S.C. §1988 (both);

d. Punitive damages against Defendants in their personal capacities;

e. Reinstatement to the rank of Captain and an injunction against Defendants' illegal racial and gender preferences (official capacity);

f. A declaration that Defendants' official capacity conduct as described above violates the state and federal constitutions and statutes; and

g. Such other equitable relief as the Court deems just.

**ANSWER: Governor Whitmer has been dismissed from this action. Defendant Gasper denies violating the federal constitution or any federal statutes or common law and denies that any damages are owed to Plaintiff or that he is entitled to any injunctive or equitable relief. Defendant Gasper respectfully request that this Court dismiss Plaintiff's complaint and award other relief as is just.**

## COUNT II - 42 USC §1983 RETALIATION
### (AGAINST DEFENDANT GASPER ONLY)

74. Plaintiff incorporates by reference each of the preceding paragraphs.

**ANSWER: Defendant Gasper adopts and incorporates by reference paragraphs 1 through 73 of this Answer.**

75. Plaintiff engaged in protected activity under 42 USC § 1983 by opposing the MSP's racial and gender discrimination against himself, those under his command in the Seventh District and all other members of the MSP.

**ANSWER: Defendant Gasper states that this allegation is in the form of a legal conclusion which requires no answer. To the extent an answer is required, Defendant Gasper neither admits nor denies the allegation because he lacks knowledge or information sufficient to form a belief**

29

**about the truth of the allegation and leaves Plaintiff to his proofs.**

76.     Defendant Gasper demoted Plaintiff because he opposed the Affirmative Action Directive's racial and gender preferences.

**ANSWER:   Defendant Gasper denies the allegation because it is an inaccurate statement of fact.**

77.     Defendant Gasper's demotion of Plaintiff on this basis violates 42 USC § 1983.

**ANSWER:   Defendant Gasper states that this allegation is in the form of a legal conclusion which requires no answer.  To the extent an answer is required, Defendant Gasper denies the allegation because it is premised on inaccurate statements of fact and asserts an incorrect conclusion of law.**

78.     As a proximate result of Defendant Gasper's illegal conduct, Plaintiff has suffered, and will continue to suffer, emotional distress, especially outrage, lost opportunities, loss of reputation, embarrassment and the physical manifestations of these injuries, as well as economic damages.

**ANSWER:   Defendant Gasper states that this allegation is in the form of a legal conclusion which requires no answer.  To the extent an answer is required, Defendant Gasper denies the allegation because it is premised on inaccurate statements of fact and asserts an incorrect conclusion of law.**

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant Gasper in his official or personal capacities, as appropriate, for:

    a. Economic damages (personal capacity);

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation he has suffered, and continues to suffer, as a result of Defendant's illegal actions (personal capacity);

    c. Costs, interest and reasonable attorney fees as provided by 42 U.S.C. §1988 (both);

    d. Punitive damages against Defendant in his personal capacity;

    e. Reinstatement to the rank of Captain and an injunction against Defendant Gasper's illegal racial and gender preferences (official capacity);

    f. A declaration that Defendant Gasper's official capacity conduct as described above violates the state and federal constitutions and statutes; and

    g. Such other equitable relief as the Court deems just.

**ANSWER: Defendant Gasper denies violating the federal constitution or any federal statutes or common law and denies that any damages are owed to Plaintiff or that he is entitled to any injunctive or equitable relief. Defendant Gasper respectfully requests that this Court dismiss Plaintiff's complaint and award other relief as is just.**

**COUNT III**
**DISCRIMINATION IN VIOLATION OF THE ELCRA**
**AND ART. I, §26 OF THE MICHIGAN CONSTITUTION**
**(AGAINST DEFENDANTS WHITMER AND GASPER)**

79. Plaintiff incorporates by reference the preceding paragraphs.

**ANSWER: Count III has been dismissed therefore no answer is necessary.**

80. Plaintiff is a White male.

**ANSWER: Count III has been dismissed therefore no answer is necessary.**

81.     The individual Defendants at all times had the ability to and did affect or control Plaintiff's terms and conditions of employment as set forth in McClements v Ford Motor Co, 473 Mich 373, 385-387 (2005).

**ANSWER: Count III has been dismissed therefore no answer is necessary.**

82.     Defendants demoted Plaintiff based on his status as a White male.

**ANSWER: Count III has been dismissed therefore no answer is necessary.**

83.     That is, Plaintiff's status as a White male was at least a factor, if not the only factor, that made a difference in Defendants' decision to demote Plaintiff.

**ANSWER: Count III has been dismissed therefore no answer is necessary.**

84.     Defendants' demotion of Plaintiff violates the Elliot-Larsen Civil Rights Act and Mich Const 1963, Art 1, §26.

**ANSWER: Count III has been dismissed therefore no answer is necessary.**

85.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered, and will continue to suffer emotional distress, including humiliation, loss of reputation, outrage and economic loss.

**ANSWER: Count III has been dismissed therefore no answer is necessary.**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants Whitmer and Gasper for:

     a.  Economic damages;

     b.  Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation he has suffered, and continues to suffer, as a result of Defendant's illegal actions;

     c.  Costs, interest and reasonable attorney fees as provided by ELCRA;

d.  Reinstatement to the rank of Captain and an injunction against Defendant Gasper's illegal racial and gender preferences;

e.  A declaration that Defendant Gasper's conduct as described above violates the state and federal constitutions and statutes; and

f.  Such other equitable relief as the Court deems just.

**ANSWER: Count III has been dismissed therefore no answer is necessary.**

### COUNT IV - RETALIATION IN VIOLATION OF ELCRA
### (AGAINST DEFENDANT GASPER ONLY)

86.     Plaintiff incorporates by reference each of the preceding paragraphs.

**ANSWER: Count IV has been dismissed therefore no answer is necessary.**

87.     Defendant Gasper at all times had the ability to and did affect or control Plaintiff's terms and conditions of employment as set forth in McClements v Ford Motor Co, 473 Mich 373, 385-387 (2005).

**ANSWER: Count IV has been dismissed therefore no answer is necessary.**

88.     Plaintiff engaged in protected activity under ELCRA and Art I, §26 of the Michigan Constitution of 1963 by opposing the MSP's racial and gender discrimination against himself, those under his command in the Seventh District and all other members of the MSP.

**ANSWER: Count IV has been dismissed therefore no answer is necessary.**

89.     Defendant Gasper retaliated against Plaintiff because he opposed racial and gender preferences and aided and encouraged Inspector Hahn in the exercise and enjoyment of his rights under state and federal discrimination law.

**ANSWER: Count IV has been dismissed therefore no answer is necessary.**

90. Defendant Gasper's demotion of Plaintiff on this basis violates ELCRA, MCLA 37.2701(a) and (f).

**ANSWER: Count IV has been dismissed therefore no answer is necessary.**

91. As a proximate result of Defendant Gasper's illegal conduct, Plaintiff has suffered, and will continue to suffer, emotional distress, especially outrage, lost opportunities, loss of reputation, embarrassment and the physical manifestations of these injuries, as well as economic damages.

**ANSWER: Count IV has been dismissed therefore no answer is necessary.**

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant Gasper for:

a. Economic damages;

b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation he has suffered, and continues to suffer, as a result of Defendant's illegal actions;

c. Costs, interest and reasonable attorney fees as provided by ELCRA;

d. Reinstatement to the rank of Captain and an injunction against Defendant Gasper's illegal racial and gender preferences;

e. A declaration that Defendant Gasper's conduct as described above violates the state and federal constitutions and statutes; and

f. Such other equitable relief as the Court deems just.

**ANSWER: Count IV has been dismissed therefore no answer is necessary.**

**COUNT V - 42 USC § 2000 et seq**
**TITLE VII OF CIVIL RIGHTS ACT OF 1964**
**(AGAINST THE MICHIGAN STATE POLICE)**

92. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

**ANSWER: Defendant Michigan State Police (MSP) adopts and incorporates by reference paragraphs 1 through 91 of this Answer.**

93.     Plaintiff filed an EEOC complaint and has received, or will receive, a right to sue letter from the EEOC.

**ANSWER: Defendant MSP neither admits nor denies the allegation because it lacks knowledge or information sufficient to form a belief about the truth of the allegation and leaves Plaintiff to his proofs.**

94.     Defendant discriminated against Plaintiff because of his status as a White male.

**ANSWER: Defendant MSP denies the allegation because it is an inaccurate statement of fact and asserts an incorrect conclusion of law.**

95.     Plaintiff's status as a White male was at least a factor in Defendant MSP's decision to demote the Plaintiff; consequently, this case should be analyzed as a mixed-motive case as described in *White v Baxter,* 533 F3d 381, 400 (6th Cir 2008).

**ANSWER: Defendant MSP denies the allegation that Plaintiff's status as a White male was at least a factor in Defendant MSP's decision to demote the Plaintiff because it is an inaccurate statement of fact.  Plaintiff was demoted for violating Official Order 1, Article 4, Section 45, 4.7, and 4.25 of the Code of Conduct related to his improper conduct surrounding the lateral transfer of D/Lt Bush and subsequent IA investigation.  Defendant MSP further states that the remainder of the allegation is in the form of a**

**legal conclusion which requires no answer. To the extent an answer is required, Defendant MSP denies the remainder of the allegation because it is premised on inaccurate statements of fact and asserts an incorrect conclusion of law.**

96.     Defendant's demotion of Plaintiff violated Title VII of the Civil Rights Act of 1964, 42 USC § 2000 et seq.

**ANSWER: Defendant MSP states that this allegation is in the form of a legal conclusion which requires no answer. To the extent an answer is required, Defendant MSP denies the allegation because it is premised on inaccurate statements of fact and asserts an incorrect conclusion of law.**

97.     As a proximate result of Defendant MSP's unlawful actions against Plaintiff as described above, Plaintiff has sustained, and will continue to sustain, injuries, and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress and the physical manifestations of those injuries; and loss of the ordinary pleasures of life, including the right to pursue gainful employment in his occupation of choice.

**ANSWER: Defendant MSP states that this allegation is in the form of a legal conclusion which requires no answer. To the extent an answer is required, Defendant MSP denies the allegation because it is premised on inaccurate statements of fact and asserts an incorrect conclusion of law.**

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant MSP for:

a. Economic damages in whatever amount above $75,000.00 he is found to be entitled, including damages for lost wages and the value of fringe benefits, past and present;

b. Non-economic damages in whatever amount above $75,000.00 he is found to be entitled;

c. Exemplary damages in whatever amount above $75,000.00 he is found to be entitled;

d. An award of costs, interest and attorney fees;

e. An order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation; and

f. An order awarding whatever equitable relief appears appropriate at the time of trial, including reinstatement.

**ANSWER: Defendant MSP denies violating Title VII of the Civil Rights Act of 1964, 42 USC § 2000 et seq, the federal constitution or any other federal statutes or common law and denies that any damages are owed to Plaintiff or that he is entitled to any injunctive or equitable relief. Defendant MSP respectfully requests that this Court dismiss Plaintiff's complaint and award other relief as is just.**

## COUNT VI - 42 USC § 2000(e) et seq
## RETALIATION
## (AGAINST THE MICHIGAN STATE POLICE)

98. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

**ANSWER: Defendant Michigan State Police (MSP) adopts and**

**incorporates by reference paragraphs 1 through 97 of this Answer.**

99. Defendant MSP retaliated against Plaintiff because he opposed its discriminatory treatment of White males.

**ANSWER: Defendant MSP denies the allegation because it is an inaccurate statement of fact and asserts an incorrect conclusion of law.**

100. Defendant MSP retaliated by demoting Plaintiff.

**ANSWER: Defendant MSP denies the allegation because it is an inaccurate statement of fact and asserts an incorrect conclusion of law. Further answering, Plaintiff was demoted for violating Official Order 1, Article 4, Section 45, 4.7, and 4.25 of the Code of Conduct related to his improper conduct surrounding the lateral transfer of D/Lt Bush and subsequent IA investigation.**

101. Defendant MSP retaliated against Plaintiff because of his protected activities.

**ANSWER: Defendant MSP denies the allegation because it is an inaccurate statement of fact and asserts an incorrect conclusion of law.**

102. As a proximate result of Defendant MSP's unlawful actions against Plaintiff as described above, Plaintiff has sustained, and will continue to sustain, injuries, and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress and the physical manifestations of those injuries; and loss of the ordinary pleasures of life, including the right of pursue gainful employment in

his occupation of choice.

**ANSWER: Defendant MSP states that this allegation is in the form of a legal conclusion which requires no answer. To the extent an answer is required, Defendant MSP denies the allegation because it is premised on inaccurate statements of fact and asserts an incorrect conclusion of law.**

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant MSP for:

    a. Economic damages in whatever amount above $75,000.00 he is found to be entitled, including damages for lost wages and the value of fringe benefits, past and present;

    b. Non-economic damages in whatever amount above $75,000.00 he is found to be entitled;

    c. Exemplary damages in whatever amount above $75,000.00 he is found to be entitled;

    d. An award of costs, interest and attorney fees;

    e. An order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation; and

    f. An order awarding whatever equitable relief appears appropriate at the time of trial, including reinstatement.

**ANSWER: Defendant MSP denies violating Title VII of the Civil Rights Act of 1964, 42 USC § 2000 et seq, the federal constitution or any other federal statutes or common law and denies that any damages are owed to Plaintiff or that he is entitled to any injunctive or equitable relief. Defendant MSP respectfully requests that this Court dismiss Plaintiff's complaint and award other relief as is just.**

## AFFIRMATIVE DEFENSES

1.     Pursuant to this Court's August 6, 2020 Order (ECF No 18), Governor Whitmer has been dismissed from this action.

2.     Pursuant to this Court's August 6, 2020 Order (ECF No 18), Plaintiff's state law claims have been dismissed.

3.     Pursuant to this Court's August 6, 2020 Order (ECF No 18), all official capacity claims against Defendant Gasper have been dismissed.

4.     Plaintiff has failed to state a claim upon which relief may be granted.

5.     Defendant Gasper is entitled to qualified immunity or other immunity granted under federal law.

6.     Some or all of Plaintiff's losses and damages, if any, were caused by Plaintiff's own conduct or the conduct of third parties and not attributable to Defendants.

7.     Some or all of Plaintiff's claims may be barred because they are moot.

8.     Some or all of Plaintiff's claims may be barred by res judicata/claim preclusion.

9.     Some or all of Plaintiff's claims may be barred by collateral estoppel/issue preclusion.

10.     Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

11.     Defendants reserve the right to claim some or all of Plaintiff's claims may be barred by the failure to mitigate damages, if discovery reveals appropriate evidence.

12.     Plaintiff may have failed to exhaust all available administrative remedies including, but not limited to: (1) failure to obtain an EEOC right to sue letter, and (2) failure to exhaust administrative remedies as to claims not asserted in the EEOC charge.

13.     Defendants have legitimate, nondiscriminatory and nonretaliatory reasons for taking any alleged adverse action against Plaintiff.

14.     Plaintiff's claims and/or damages may be barred by the doctrine of after-acquired evidence due to his own misconduct.

15.     Venue may not be proper in this Court.

16.     Plaintiff's claims may be barred for lack of personal involvement.

## <u>RELIANCE ON PLAINTIFF'S JURY DEMAND</u>

Defendants, by counsel, hereby rely on Plaintiff's demand for a trial by jury in the above cause.

Respectfully submitted,

Dana Nessel
Attorney General


/s/ *Mark E. Donnelly*
Mark E. Donnelly
Assistant Attorney General
Attorney for Defendants
State Operations Division
P.O. Box 30754

Lansing, MI 48909
517.335.7573
[donnellym@michigan.gov](mailto:donnellym@michigan.gov)
P39281

Dated:  August 21, 2020

## CERTIFICATE OF SERVICE

I certify that on August 21, 2020, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will provide electronic copies to counsel of record, and I certify that my secretary has mailed by U.S. Postal Service the papers to any non-ECF participant.

/s/ *Mark E. Donnelly*
Mark E. Donnelly
Assistant Attorney General
Attorney for Defendants
State Operations Division

2020-0290241-A